**ANDY B ORAHA**
20739 N 56TH AVE
GLENDALE, AZ 85308

FILED
2011 APR 22 PM 3:25
CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Andy Oraha<br><br><br><br><br><br><br>Debtor | Chapter 7 Proceeding<br>11-00704<br><br>MOTION FOR REHEARING/MOTION FOR RECONSIDERATION and MOTION TO VACATE ORDER LIFTING STAY |

Comes now debtor and for his MOTION FOR REHEARING/MOTION FOR RECONSIDERATION and MOTION TO VACATE ORDER LIFTING STAY, and enters the following.

This is a Chapter 13 proceeding in which debtor sought to rehabilitate the debt on his house. A motion to lift the automatic stay by the lender on the house came to a preliminary hearing on April 6, but unfortunately, debtor missed that hearing. At that hearing, then, the court entered, debtor not being present, an order vacating the stay to the order off his mortgage lenders, same to become effective on April 28.

There is good cause to vacate the court's order lifting the stay.

1) Last month, debtor sued the lender in state court for violation of the provisions of the note and deed of trust, etc., see complaint attached as Exhibit A. There exists considerable defense to the allegations of default, etc., as set forth in the complaint. (Upon information and belief, if any defendant has been served in that suit, no answer has yet been received.)

2) Notwithstanding the facts underlying the suit, and which facts were discussed with movant bank before suit and the bankruptcy, movant bank was working with debtor on a mortgage modification. Upon missing the April 6 preliminary hearing, the bank stopped working on that modification. It is not clear why it would do so, since in or out of bankruptcy, a modification would turn on the merits of the facts relative to the loan. So, it appears that merely by vacating the order vacating the stay, this matter could resolve itself without the rigors of foreclosure and eviction.

04/25/2011

3) Debtor missed the hearing by failing to schedule it by mistake, given the stress and obligations of a family health emergency. See attached as Exhibit B, a letter from a doctor setting forth the obligations relative to debtor's mother. She is 73 years old, and recently went through a knee replacement on March 9, 2011, which had complications. She is no longer ambulatory. She has been in and out of emergency rooms since the operation. She speaks no English (she speaks Aramaic), and debtor and his spouse are her care givers. Mother lives in the home of debtor, the home now the subject of the order vacating the stay.

4) To his knowledge, debtor was in compliance in all other respects with the proposed plan, payments, etc.

Good cause exists to grant this motion.

The court is asked to vacate the order vacating the stay and return this matter to the protection of this proceeding.

Dated this __ day of April, 2011.

Andy Oraha

Copy of the foregoing mailed this
22 day of April, 2011,
to the following:

**ERIC M. HALEY**
PO BOX 13390
SCOTTSDALE, AZ 85267

BY /p

04/25/2011